IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEAN BASTILLA; DAVE HEINE; and MATTHEW STEINKAMP, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 06-CV-0150-MJR |
| THE VILLAGE OF CAHOKIA, ILLINOIS; THE CAHOKIA BOARD OF FIRE AND POLICE COMMISSION- ERS; DEAN SAMPLE; JEROME CALLAHAN; REV. WOOD; and HAROLD R. WATSON, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

*Order on Defendants' Motions in Limine (Doc. 122); Plaintiffs' Motion in Limine (Doc. 123); Plaintiffs' Supplemental Motion in Limine (Doc. 139); and Defendants' Additional Motion in Limine (Doc. 140)*

### I.     Introduction

Analysis of the parties' motions in limine begins with these general principles. The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See* **Fed. R. Evid. 104(a)** ("Preliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court."); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials.").

Although found neither in the Federal Rules of Civil Procedure nor in the Federal

Rules of Evidence, *Deghand v. Wal-Mart Stores, Inc.*, **980 F. Supp. 1176, 1179 (D. Kan. 1997)**, motions in limine aid the trial process "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, **88 F.3d 136, 141 (2d Cir. 1996).** Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, **932 F. Supp. 220, 222 (N.D. Ill. 1996)**. Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.*, **519 F.2d 708, 712 (6th Cir. 1975).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, **864 F. Supp. 67, 69 (N.D. Ill. 1994)**. The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, **937 F. Supp. 276, 287 (S.D.N.Y. 1996)**. Moreover, the court may alter a limine ruling based on developments at trial or sound judicial discretion. *Luce*, **469 U.S. at 41**.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT & T Techs., Inc.*, **831 F. Supp. 1398, 1401 (N.D. Ill. 1993)**. Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, **864 F. Supp. at 69**.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." *Nat'l Union*, **937 F. Supp. at 287.** Stated another way, motion in limine rulings are "subject to change when the case unfolds" at trial. *Luce*, **469 U.S. at 41.** Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of

sound judicial discretion, to alter a previous in limine ruling." *Id.*

With the above in mind, the Court turns to ruling on the motions.

## II.    Defendants Motions in Limine (Doc. 122)

A. *Defendants seek to preclude plaintiffs from eliciting evidence regarding their justifications for opposing the residency requirement.*

**DENIED**. The so called residency requirement is at the very core of this litigation and to preclude plaintiffs' (or defendants') justifications for their respective positions would create a testimonial void. This testimony helps "complete the story."

B. *Defendants seek to impose a set-off for wages earned by plaintiffs during the time period of their terminations.*

**DENIED.** This issue can be covered by the applicable jury instructions and is not appropriate as a motion in limine.

C. *Defendants seek to preclude evidence of other police officers and non-police employees who "allegedly" lived outside the village and were "allegedly" treated differently from plaintiffs.*

**GRANTED IN PART AND DENIED IN PART**. The motion is granted to the "non-police employees absent a foundation they are subject to substantially the same language as the police officers." The motion is denied as to other police officers so long as their "residency requirement" language is substantially similar to the language governing plaintiffs.

D. *Defendants seek to exclude evidence of a May 9, 1997 attorney opinion as privileged under the attorney–client doctrine.*

**RULING RESERVED PENDING ORAL ARGUMENT AND IN CAMERA REVIEW OF THE LETTER. REQUEST TO FILE LETTER EX PARTE UNDER SEAL GRANTED.**

E. *Defendants seek to exclude evidence from plaintiffs personnel file that do not specifically address residency.*

**GRANTED.** Magistrate Judge Frazier's September 16, 2009 order envisions that all information other than that which reveals the "address or residency of any public employee or official" was to be redacted. That defendants turned the information over without redaction, in order to expedite matters, is not a waiver of this requirement, especially when the files may contain sensitive information.

F. *Defendants seek to exclude evidence of the Illinois Fifth District Court of Appeals Rule 23 Orders.*

**GRANTED IN PART AND DENIED IN PART**. If the Illinois Courts have issued a final interpretation of the language at issue in the instant case then that interpretation governs and can be incorporated into the jury instructions. To that extent the motion is denied. But the use of Rule 23 orders before the jury may lead to confusion and the admission of irrelevant or cumulative evidence. To that extent the motion is granted.

G. *Defendants seek to exclude evidence of certain minutes of the Board of Trustees of the Village of Cahokia.*

**GRANTED**. Unless plaintiffs can offer something more than guess, speculation or conjecture that the executive session of July 5, 2005 included evidence relevant to the case at bar, this allegedly "missing" evidence is precluded by Rules 401, 402 and 403 of the Federal Rules of Evidence.

H. *Defendants seek to exclude evidence of minutes of the October 24, 2003 Executive Session of the Board of Trustees of the Village of Cahokia.*

**GRANTED**. Unless plaintiffs can offer something more than guess, speculation or conjecture that the executive session of July 5, 2005 included evidence relevant to the case at bar, this allegedly "missing" evidence is precluded by Rules 401, 402 and 403 of the Federal Rules of Evidence. The temporal relationship suggested by plaintiff is speculative.

*I. Defendants seek to exclude evidence of Debra Barker.*

**GRANTED BY AGREEMENT.**

*J. Defendants seek to exclude evidence of "emotional damages."*

**GRANTED IN PART AND DENIED IN PART**. Plaintiffs may not, absent medical background and training, opine that defendants' actions were a proximate cause of plaintiffs physical or medical conditions or offer self-diagnosis. Included as barred by this ruling are insomnia, hypertension, diarrhea, shortness of breath, ulcers, depression, lack of sexual activity and headaches.[1] However, they may describe feelings of stress, anxiety and that they felt degraded, low and backstabbed.[2] The court believes this testimony can be tested on cross-examination and defendant's objection goes more to weight than admissibility.

### III.    Plaintiff's Motion in Limine (Doc. 123)

1. *Request to exclude evidence, testimony or reference to the motion in limine and the Court's rulings.*

    **DENIED** as unnecessary and without prejudice to restate at trial, if necessary. This subject matter is covered by the Federal Rules of Evidence, making a motion in limine unnecessary.

2. *Request to exclude opinions, conclusions, or facts beyond the scope of those opinions, conclusions, or facts not previously disclosed in discovery "insofar as inquiry into these matters were propounded to the witness."*

    **DENIED** as unnecessary and without prejudice to restate at trial, if necessary. This subject matter is covered by the Federal Rules of Evidence, making a motion in limine unnecessary.

3. *Request to exclude undisclosed statements, documents, or other items.*

    **DENIED** as unnecessary and without prejudice to restate at trial, if necessary. This subject matter is covered by the Federal Rules of Evidence, making a motion in limine unnecessary.

---

[1] Maladies such as these require expert testimony to establish a causal connection.
[2] This list is not exhaustive but was complied from a combination of defendants' and plaintiffs' briefing on this topic.

4.  *Request to exclude all witnesses who have not been disclosed prior to ruling on the motion in limine.*

    **DENIED** as unnecessary and without prejudice to restate at trial, if necessary. This subject matter is covered by the Federal Rules of Evidence, making a motion in limine unnecessary.

5.  *Request to exclude statements regarding settlement.*

    **DENIED** as unnecessary and without prejudice to restate at trial, if necessary. This subject matter is covered by the Federal Rules of Evidence, making a motion in limine unnecessary.

6.  *Request to exclude the phrase "residency requirement," by document or statement, to imply that there was a requirement for Cahokia police officers from 1998 and 2008 to live in the Village of Cahokia.*

    **DENIED AS OVERBROAD.**

7.  *Request to exclude St. Clair County Circuit Court's findings or dicta that there was a residency requirement.*

    **GRANTED.** The circuit court's conclusion is neither binding nor res judicata in the instant action.

8.  *Request to exclude evidence of wages and benefits earned after termination and prior to reinstatement.*

    **DENIED.** This issue can be covered by the applicable jury instructions and is not appropriate as a motion in limine.

9.  *Request to exclude evidence of post-termination, pre-reinstatement wages and benefits in areas compatible with employment as police officers for Cahokia.*

    **DENIED.** This issue can be covered by the applicable jury instructions and is not appropriate as a motion in limine.

10. *Request to exclude St. Clair County Circuit Court's findings or dicta that Plaintiffs were untruthful as to any issue regarding residency.*

    **GRANTED.** The circuit court's conclusion is neither binding nor res judicata in the instant action.

11. *Request to exclude evidence that Plaintiffs were required to live in the Village of Cahokia while employed as police officers between 1998 and 2008.*

    **DENIED.**

12. *Request to exclude any statement or implication that the employment "Oath" signed by any of the Plaintiffs required the Plaintiffs to reside in the Village of Cahokia between 1998 and the date of their termination.*

    **DENIED.**

13. *Request to exclude evidence from arbitration proceedings, proceedings before the Board of Fire and Police Commissioners, Chief of Police Complaints against Plaintiffs, Chief of Police interview transcripts, and other items indicating that there was a residency requirement for Plaintiffs between 1998 and the date of their termination or that Plaintiffs lied about residency.*

    **DENIED AS OVERBROAD.**

14. *Request to exclude any statement or other reference to disposition of the 1983 case filed by Ronald Touchette.*

    **GRANTED BY AGREEMENT** (caveat of defendants (Doc. 127, at 7) noted).

15. *Request to exclude evidence that Village Board regular session and/or executive session minutes were missing in 2004 or 2005.*

    **GRANTED BY AGREEMENT.**

16. *Request to exclude evidence that Village Board Executive Session minutes are missing from October, 2003 due to extrinsic causes.*

    **GRANTED.** Any reference to the missing minutes is inadmissible. See ruling to

Sub-part H, Defendants Motions in Limine (Doc. 122).


### IV.    Defendants' Additional Motions in Limine (Doc. 140)

1. *Motion to exclude evidence of "gross" lost past wages*

    **GRANTED.**

2. *Motion to exclude evidence of liability insurance or reference to Scottsdale indemnity company*

    **DENIED** as unnecessary and without prejudice to restate at trial, if necessary. This

subject matter is covered by the Federal Rules of Evidence, making a motion in limine unnecessary.

3. *Motion to exclude evidence that the current board of fire and police commissioners is prejudiced against plaintiffs.*

    **GRANTED.**

4. *Motion to exclude evidence of a conspiracy between the Village, Scottsdale Indemnity Co., Brown & James, P.C., the Board of Fire and Police Commissioners and the Law Firm of Crowder & Scoggins, Ltd.*

   **GRANTED.**

5. *Motion to exclude evidence that the Board of Fire and Police Commissioners has not held a hearing and determined the amount of lost wages that the Village needs to determine to pay plaintiffs lost wages.*

   **GRANTED.**

6. *Motion to bifurcate the "individual capacity" claims to be tried first from the* **Monell** *claims against the Village and the Board.*

   **DENIED.** While the Court recognizes its discretion to bifurcate the individual capacity claims from the action arising under *Monell v. Department of Social Services*, **436 U.S. 658 (1978)**, it declines the invitation to do so. A combination of cautionary instructions, requested by the defense at appropriate times during the testimony coupled with carefully crafted jury instructions will obviate any prejudice and permit the case to proceed more expeditiously.

### V. Plaintiff's Supplemental Motion in Limine (Doc. 139).

1. *Request to exclude evidence indicating that the amount of damages designated as lost wages and benefits for each of the Plaintiffs is any amount other than the amounts set out in the proposed pretrial order.*

   **DENIED.**

2. *Request to exclude information regarding any disciplinary action that did not affect Plaintiffs' wages imposed during a Plaintiff's employment after termination by the Village.*

   **GRANTED BY AGREEMENT WITH DEFENDANTS' CAVEAT NOTED.**

3. *Request to exclude Bastilla's statement taken during Chief Watson's interview regarding an alleged violation of the "residency requirement."*

   **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this

juncture would be premature.

4. *Request to exclude Chief Watson's Complaint to the Fire and Police Board regarding Dean Bastilla's alleged violation of the "residency requirement."*

  **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

5. *Request to exclude the Fire and Police Board's decision to terminate Dean Bastilla and Matthew Steinkamp.*

  **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

6. *Request to exclude the Granite City Police Department Employee File for Dean Bastilla.*

  **GRANTED BY AGREEMENT WITH DEFENDANTS' CAVEAT NOTED.**

7. *Request to exclude the Target Employee File for Dean Bastilla.*

  **GRANTED BY AGREEMENT WITH DEFENDANTS' CAVEAT NOTED.**

8. *Request to exclude the statement of David C. Heine dated 8/11/03.*

  **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

9. *Request to exclude Chief Watson's Complaint to the Fire and Police Board regarding David Heine's alleged violation of the "residency requirement."*

  **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this

juncture would be premature.

10. *Request to exclude the Fire and Police Board's decision to terminate David Heine*

   **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

11. *Request to exclude Matthew Steinkamp's statement taken during Chief Watson's interview regarding an alleged violation of the "residency requirement."*

   **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

12. *Request to exclude Chief Watson's Complaint to the Fire and Police Board regarding Matthew Steinkamp's alleged violation of the "residency requirement."*

   **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

13. *Request to exclude the Lebanon Police Department Employee File for Matthew Steinkamp.*

   **GRANTED BY AGREEMENT WITH DEFENDANTS' CAVEAT NOTED.**

14. *Request to exclude the Kellerman Investigations Employee File for Matthew Steinkamp.*

   **GRANTED BY AGREEMENT WITH DEFENDANTS' CAVEAT NOTED.**

15. *Request to exclude all transcripts and exhibits from Chief Watson's interviews with Plaintiffs and the Fire and Police Board's hearings regarding alleged "residency requirement" violations.*

   **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends

upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

16. *Request to exclude all demonstrative exhibits regarding Chief Watson's interviews with Plaintiffs and the Fire and Police Board's hearings on Plaintiffs' alleged "residency requirement" violations.*

   **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

17. *Request to exclude the 2003 Board of Trustees and Fire and Police Board Regular and Executive Session minutes that are not relevant to the issues before the Court.*

   **GRANTED BY AGREEMENT WITH DEFENDANTS' CAVEAT NOTED.**

18. *Request to exclude arbitration opinions on the issue of required residency for Cahokia police officers.*

   **DENIED** in that the movant has not met the burden of showing the evidence is clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

19. *Request to exclude Defendants' exhibits 79 through 86*

   **GRANTED PROVISIONALLY.** In the event counsel believes the door has been opened such that this testimony is permitted, they should seek a side-bar.

20. *Request to exclude the St. Clair County Motion to determine the Amount of Lost Wages and Benefits filed on July 7, 2008.*

   **GRANTED PROVISIONALLY.** In the event counsel believes the door has been opened such that this testimony is permitted, they should seek a side-bar.

21. *Request to exclude references to residency requirements or limitations imposed by the Collective Bargaining Agreement between the Village of Cahokia and the Fraternal Order of Police that went into effect at any time after Plaintiffs were terminated.*

   **DENIED** in that the movant has not met the burden of showing the evidence is

clearly inadmissible on all potential grounds. The admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation; thus a ruling at this juncture would be premature.

**IT IS SO ORDERED.**

**DATED January 11, 2010.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
